### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

MAR 1 3 2019

| | |
|---|---|
| Marquis Wilson, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      1:17cv1487 (LO/MSN) |
| | ) |
| Virginia Dept. of Corrections, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Marquis Wilson, a Virginia inmate proceeding pro se, has filed a civil rights action,

alleging violations of his rights under the Americans with Disabilities Act ("ADA"),

Rehabilitation Act ("RA"), Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

42 U.S.C. § 2000cc, and United States Constitution.   Defendants filed a Motion for Summary

Judgment, along with a supporting brief, exhibits, and the notice required by Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K.   Dkt. Nos. 18-20.   Plaintiff filed an

opposition to the Motion for Summary Judgment as well as a Motion to Defer or Deny

Defendants' Motion for Summary Judgment.   Dkt. Nos. 24-25.   This matter is now ripe for

adjudication.   For the reasons that follow, defendants' Motion for Summary Judgment will be

granted, in part, and denied, in part, without prejudice to defendants filing a supplemental motion

for summary judgment, and plaintiff's Motion to Defer or Deny will be denied, without prejudice

to plaintiff filing a new complaint.

### I. Background

The record on summary judgment establishes the following.   During the time period in

question, plaintiff was incarcerated at Greensville Correctional Center ("GRCC"), a Virginia

Department of Corrections ("VDOC") facility.   Compl. §I(A) ¶1.   VDOC allows inmates to

order certain items from the commissary vendor.  Id. at Exs.  Inmates who are hard of hearing can order items not available to the general population, such as DVD players, DVDs, and 15-inch televisions, as accommodations.  Defs.' MSJ, Robertson Affidavit.  Until recently, hard of hearing inmates could order these items from an auxiliary accommodation catalog; however, it now appears as though inmates must order these items through the commissary vendor.  Compl. § IV ¶¶12; Defs.' MSJ, Talbott Affidavit

The current policy at GRCC limiting televisions to those that are 15-inches or smaller is due to security and space concerns.  Defs.' MSJ, Robertson Affidavit.  Defendants assert that inmates at GRCC who currently have 19-inch televisions purchased those televisions at different facilities and were allowed to keep them when they transferred to GRCC; however, plaintiff asserts at least three hard of hearing inmates living in plaintiff's housing pod have been allowed to purchase 19-inch televisions between 2015 and 2017 while housed at GRCC, and plaintiff is the only hard of hearing inmate in his housing pod who has not been allowed to purchase a 19-inch television.  Id.; Pl's. Opp, Richardson, Barbour, and Odinsson Affidavits.  In fact, plaintiff asserts, 31 of the inmates in plaintiff's housing pod have some loss of either hearing or vision, and each of them except for plaintiff has a 19-inch television.  Pl's. Opp. ¶ 10.

On March 25, 2016, plaintiff was diagnosed by outside ear, nose, and throat ("ENT") specialists with sensorineural hearing loss, and he later received hearing aids.  Compl. § IV ¶ 18.  Therefore, plaintiff is hard of hearing.  Id. § IV ¶ 8; Defs.' MSJ, Robertson and Talbott Affidavits.  On April 21, 2016, plaintiff requested approval to order auxiliary accommodation equipment.  Compl. § IV ¶ 22.  Plaintiff's request was denied and he was told that he needed the recommendation of a medical professional to receive the equipment.  Id. ¶ 23.

2

Plaintiff then met with Barry Marano, the ADA coordinator for VDOC, and discussed (1) that other hard of hearing inmates had been allowed accommodations, including 19-inch televisions with large closed captioning and DVD players, and (2) that plaintiff needed accommodations so that he could "receive educational/religious instructional and inspirational programs and services via the large caption features of DVDs and [19-inch] televisions." Id. ¶¶ 24-25. More specifically, plaintiff stated he cannot attend large group worship services because hearing aids cause distorted sounds in large group gatherings and he is unable to interpret sign language; thus he is unable to hear or use the sign language interpretation services provided during the worship services. Pl's. Opp. ¶ 20. Plaintiff is also unable to view the daily worship services on the four Christian channels provided though the GRCC's television cable network because they do not feature closed captioning. Compl. § V ¶ 47. Thus, plaintiff is only able to participate in the same services by watching DVDs of the programming, which are available from the GRCC chaplain's library. Id.; Pl's. Opp. ¶ 22. Plaintiff is able to view these DVDs using the DVD player in the chaplain's library. Defs.' MSJ, Robertson Affidavit. Plaintiff states that Mr. Marano arbitrarily denied plaintiff's request and informed plaintiff that hard of hearing prisoners would no longer be allowed to purchase DVD players. Compl. § IV ¶ 26.

On June 10, 2016, plaintiff filed another request to purchase auxiliary accommodations, which was rejected for the stated reason: "no medical accommodation." Pl's. Opp at Ex. D. On July 5, 2016, the ENT specialists wrote a letter stating that "accommodations available for hearing impaired offenders should be available and offered" to plaintiff. Id. at Ex. B. On July 18, 2016, plaintiff filed another request to purchase auxiliary accommodations, which was rejected because "more specific information from provider" was needed. Id. at Ex. D.

On November 7, 2016, plaintiff submitted an informal complaint stating that he needed a 19-inch television because it had larger closed captioning and other hard of hearing inmates had been allowed to purchase this item. Id. at Ex. F. In response, plaintiff was told that he could submit a special request for a 15-inch television with closed captioning that had "been approved by [VDOC]" along with a doctor's "recommendation[]" stating what plaintiff "need[s] in addition to hearing aids." Id. However, plaintiff asserts that 15-inch televisions were unavailable for purchase prior to his filing the instant complaint in December 2017. Id. ¶¶ 11, 37.

On December 12, 2016, plaintiff filed informal complaints stating that his requests to purchase a DVD player and 15-inch television were denied, but confusingly, the response was that plaintiff could "place [his orders] through" the commissary vendor. Id. at Ex. G. Plaintiff was also informed that there was no longer an auxiliary accommodations catalog. Id.

On January 25, 2017, the ENT specialists recommended that plaintiff be allowed to purchase, among other items, a 15-inch television with large closed captioning and a DVD player, as accommodations for his hearing loss. Compl. at Exs.

On October 18, 2017, the ENT specialists stated that plaintiff should have, among other items, a 19-inch television with large closed captioning and a DVD player, to "help with his communication due to hearing impaired diagnosis [sic] as part of his treatment plan." Pl's. Opp. at Ex. C.

On January 25, 2018, plaintiff's requests to purchase noise isolation headphones and an amplifier were approved. Defs.' MSJ, Talbott Affidavit. On May 8, 2018, plaintiff's request to purchase noise cancellation headphones was denied because plaintiff already possessed headphones. Id. Defendant Robertson asserts, in her affidavit attached to the Motion for

4

Summary Judgment, that plaintiff may submit a request to purchase a 15-inch television and a DVD player, however, plaintiff asserts that, on September 25, 2018, Mr. Marano told plaintiff that he would not approve plaintiff's request for a DVD player.  Id., Robertson Affidavit; Pl's. Opp. ¶¶ 46-48.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the burden of proving that judgment on the pleadings is appropriate.  See Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues).  To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution.  Id. at 322.  Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party.  See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material.  Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.  An issue of material fact is genuine when "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice."  Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).  Thus, summary judgment

5

is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Analysis

#### A. Americans with Disabilities Act and Rehabilitation Act Claims

> The [Americans with Disabilities Act ("ADA")] provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (1994) (emphasis added). Furthermore, it is now settled that the ADA applies to state prisons and correctional facilities.

Scott v. Kelly, 107 F. Supp. 2d 706, 710 (E.D. Va. 2000), aff'd sub nom. Scott v. Moore, 6 F. App'x 187 (4th Cir. 2001) (citation omitted). "Modern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in')." Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998). To state a claim for relief under Title II of the ADA, plaintiff must allege "(1) that he has a disability; (2) that he is otherwise qualified for the benefit in question; and (3) that he was excluded from the benefit due to discrimination solely on the basis of the disability." Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999). Stated differently, "if a person is disabled and otherwise qualified, the state must ensure that the person is not denied the benefits of services, activities, or programs because of his or her disability." Chase v. Baskerville, 508 F.Supp.2d 492, 498 (E.D.Va.2007). "What constitutes an exclusion or denial of benefits under the third element requires a fact-intensive and case-specific inquiry." Bane v. Virginia Dep't of Corr., 2012 WL 6738274, at *11 (W.D. Va. Dec. 28, 2012).

6

The same analysis applies to claims arising under § 504 of the Rehabilitation Act ("RA"). See Spencer v. Earley, 278 F. App'x 254, 261 (4th Cir. 2008) ("This court has repeatedly held that [t]he ADA and Rehabilitation Act generally are construed to impose the same requirements, and because the language of the Acts is substantially the same, we apply the same analysis to both.") (internal quotation marks, citations, and alterations omitted).

Plaintiff asserts that, because defendants have not allowed him to purchase auxiliary accommodation equipment, he has been prohibited from "enjoy[ing] the same benefits as hearing individuals in VDOC's custody." More specifically, plaintiff claims he is unable to participate in "educational and religious studies, i.e., to receive educational/religious instructional and inspirational programs and services via the large caption features of DVDs and [19-inch] televisions." In his Opposition to the Motion for Summary Judgment, plaintiff states he is unable to participate in large group services, specifically congregational group worship, without a DVD player. In sum, plaintiff claims that he is excluded from services because he is hard of hearing and he has not been allowed to purchase a television with large captioning and a DVD player. However, plaintiff does not dispute defendants' assertion that he is able to watch DVDs at the chaplain's library. Thus, the record on summary judgment establishes that plaintiff can, in fact, enjoy the "educational/religious instructional and inspirational programs and services" provided at GRCC. Because plaintiff has not been "excluded from participation in or ... denied the benefits of the services" provided at GRCC, his ADA and RA claims will be dismissed. McCoy v. Filbert, 2000 WL 34510227, at *3 (D. Md. Nov. 9, 2000) (dismissing ADA claim because plaintiff did "not identify a single program or benefit available to non-disabled prisoners from which he has been excluded due to his disability"), aff'd, 15 F. App'x 65 (4th Cir. 2001).

𝄢

7

### B. RLUIPA and First Amendment Free Exercise Clause Claims

Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that ... interest."  42 U.S.C. § 2000cc–1(a).  A plaintiff "shall bear the burden of persuasion" on the prima facie case, namely "whether [the challenged practice or law] substantially burdens the plaintiff's exercise of religion."  Id. § 2000cc–2(b).  Although RLUIPA does not define the term "substantial burden," the United States Court of Appeals for the Fourth Circuit has held that, under RLUIPA, a "substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir.2006) (quoting Thomas v. Review Bd. of Indiana Employment Security Div., 450 U.S. 707, 718 (1981)).

> At a minimum the substantial burden test requires that a RLUIPA plaintiff demonstrate that the government's denial of a particular religious ... observance was more than an inconvenience to one's religious practice.  Thus, no substantial burden occurs if the government action merely makes the religious exercise more expensive or difficult, but fails to pressure the adherent to violate his or her religious beliefs or abandon one of the precepts of his religion.

Sirleaf v. Pearson, 2017 WL 655173, at *3 (E.D. Va. Feb. 16, 2017), aff'd, 697 F. App'x 221 (4th Cir. 2017) (internal quotation marks and citations omitted) (alteration in original).

Plaintiff claims that, because defendants have not allowed him to purchase auxiliary accommodation equipment, he is unable to view DVDs of the Christian broadcasts that hearing inmates are able to view over the GRCC cable television network, and therefore defendants are placing a substantial burden on his ability to exercise his religion.  However, as previously

8

stated, the record on summary judgment establishes that plaintiff can watch DVDs of the Christian broadcasts at the chaplain's library. Therefore, plaintiff has not demonstrated that he was pressured to modify his behavior or violate his beliefs because he was not allowed to have the auxiliary accommodation equipment he requested, and his RLUIPA claim will be dismissed.

Because "Congress ... passed RLUIPA to afford [inmates] greater protection of religious exercise than what the Constitution itself affords," Lovelace, 472 F.3d at 186, plaintiff's inability to demonstrate that there was a substantial burden on his exercise of religion under RLUIPA necessarily means that he has failed to demonstrate a violation of his rights under the First Amendment Free Exercise Clause. Accordingly, plaintiff's First Amendment claim will also be dismissed.

### C. Fourteenth Amendment Claims

Plaintiff first claims that his rights under the Equal Protection Clause were violated because defendants denied him the ability to purchase auxiliary accommodation equipment they allowed other similarly situated hard of hearing inmates to purchase. The record establishes that (1) plaintiff is hard of hearing; (2) hard of hearing inmates are allowed to order items not available to the general population, such as DVD players, DVDs, and 15-inch televisions; (3) other hard of hearing inmates have been allowed to purchase 19-inch televisions while incarcerated at GRCC; and (4) plaintiff's requests to purchase a 15-inch television, 19-inch television, and DVD player have been denied.

Defendants assert that plaintiff may request a DVD and 15-inch television, but that they have no record of plaintiff requesting to purchase a 15-inch television, 19-inch television, or DVD player. Defs.' MSJ, Talbott and Robertson Affidavits. However, plaintiff has submitted

9

several records establishing that he has made requests to purchase all three items, each of which has been denied.  See Pl's. Opp. at Exs. D, G.

In addition, defendants assert that having uniform televisions helps with security and space issues at GRCC, yet they do not explain how that policy is consistent with (1) plaintiff being denied the ability to purchase a DVD player and 15-inch television according to GRCC policy for hard of hearing inmates or (2) other hard of hearing inmates being allowed to purchase 19-inch televisions while housed at GRCC.  Thus, the record as to this claim is unclear, at best.

Plaintiff next claims that, because he is hard of hearing, he has a liberty interest in possessing auxiliary accommodation equipment, and because he was denied this right arbitrarily and without a fair hearing, his due process rights were violated.  Plaintiff also claims that there are inadequate procedural safeguards in place to prevent the erroneous deprivation of this right.  However, defendants only briefed plaintiff's due process claim as one for deprivation of property and whether there is a constitutional right to watch television in prison.

Because it appears as though plaintiff's Fourteenth Amendment claims were not properly addressed by defendants in their motion, the Motion for Summary Judgment will be denied as to these claims, without prejudice to defendants filing a supplemental motion for summary judgment as to plaintiff's Fourteenth Amendment claims.

### IV. Motion to Defer or Deny

Plaintiff has moved to defer or deny defendants' Motion for Summary Judgment so that he can add claims to this civil action.  Because the claims plaintiff wishes to add do not arise out of the same transaction or occurrence, any attempts by plaintiff to amend his complaint will be futile.  See Fed. R. Civ. P. 20; Glaser v. Enzo Biochem, Inc., 126 F. App'x 593, 602 (4th Cir. 2005) ("Although leave to amend should be freely given when justice so requires, the district

10

court may deny leave to amend for reasons such as ... futility of amendment ....") (internal quotation marks and citations omitted). Therefore, plaintiff's motion will be dismissed. Should plaintiff wish to pursue these claims, he may do so by filing a separate complaint.

## V. Conclusion

Defendants have established that they are entitled to summary judgment as to plaintiff's Americans with Disabilities Act, Rehabilitation Act, Religious Land Use and Institutionalized Persons Act, and First Amendment Claims. Accordingly, defendant's Motion for Summary Judgment will be granted, as to those claims, and denied, without prejudice, as to plaintiff's Fourteenth Amendment claims, with leave to file a supplemental motion for summary judgment as stated above. In addition, plaintiff's Motion to Defer or Deny Defendants' Motion for Summary Judgment will be denied. An appropriate Order shall issue.

Entered this __13__ day of __March__ 2019.

Alexandria, Virginia

_____ /s/

Liam O'Grady
United States District Judge